1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   ROSEMARY BRIM DAVIS,
9              Plaintiff,
10             v.                              Case No. C05-1466RSL
11  HOMECOMINGS FINANCIAL,                     ORDER GRANTING IN PART AND
                                               DENYING IN PART MOTION
12             Defendant.                      FOR CLASS CERTIFICATION
13
14

## I. INTRODUCTION

This matter comes before the Court on a motion for class certification filed by plaintiff Rosemary Brim Davis. (Dkt. #33). Plaintiff alleges that defendant Homecomings Financial Network, Inc. ("Homecomings") charged her a $25 "Expedite Fee" not authorized by her loan documents when she paid off her loan in 2004. Plaintiff seeks to represent a nationwide class of people who were charged fees when they paid off their loans. At the request of the parties, the Court heard oral argument in this matter on September 11, 2006.[1] Following oral argument, the Court requested that the parties

---

[1] As with plaintiff's motion for summary judgment, it appears that plaintiff's memoranda related to this motion are not double spaced with footnotes in at least 10

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR CLASS CERTIFICATION - 1

1  provide additional memoranda addressing the effect of a preliminary settlement in a
2  related case, and the parties have done so.
3       For the reasons set forth below, the Court grants the motion in part and denies it in
4  part.

## II.  DISCUSSION

6       The relevant facts are set forth in detail in this Court's order regarding defendant's
7  motion for summary judgment, and they will not be repeated here.  Davis alleges claims
8  for breach of contract, unjust enrichment, and a violation of the Washington Consumer
9  Protection Act ("CPA"), RCW 19.86 *et seq.*  Plaintiff filed her complaint in King County
10 Superior Court, and defendant removed the case to this Court based on the Class Action
11 Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2.  After defendant filed a motion for
12 summary judgment, the Court dismissed her claim for unjust enrichment but denied the
13 motion with respect to plaintiff's other claims.

**A.  Class Action Standard.**

15      A party seeking to certify a class must establish that the requirements of Fed. R.
16 Civ. P. 23 are met.  <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591, 617 (1997).  The
17 following prerequisites must be established:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

---

point font as required by Local Rule 10.  For example, plaintiff's memoranda included 30 numbered lines of text, whereas double spaced documents, including this Court's orders, include 26 numbered lines of text.  In this instance, the Court considered the entire memoranda, but in the future, it may not consider the entire overlength memorandum or it may impose sanctions.

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR CLASS CERTIFICATION - 2

Fed. R. Civ. P. 23(a). If the Fed. R. Civ. P. 23(a) prerequisites are established, the party must also demonstrate that the class action is maintainable pursuant to Fed. R. Civ. P. 23(b). Plaintiff contends that class certification is appropriate under Fed. R. Civ. P. 23(b)(2), which requires a court to find that "[t]he party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Plaintiff also contends that class certification is appropriate under Fed. R. Civ. P. 23(b)(3), which requires a court to find

> that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

A court must engage in a "rigorous analysis" to determine whether the requirements of Rule 23 are satisfied. Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 161 (1982). However, the evidentiary showing need not be extensive. Blackie v. Barrack, 524 F.2d 891, 901 (9th Cir. 1975).

**B.  Scope of the Class and Abstention.**

Plaintiff seeks to represent the following class:

> All persons who, within the applicable statute of limitations, paid a fee or cost to expedite statement, or any other fee, except for recordation costs, to, or for the benefit of, Defendant Homecomings Financial Network, Inc. or its predecessors in connection with paying off a loan secured by a deed of trust or mortgage, where the mortgage provided that it would be released without charge or the deed of trust contained the following provision, or one substantively equivalent: *Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Agreement to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs.*

Plaintiff's Proposed Order (emphasis in original). In her memoranda, plaintiff sought to

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR CLASS CERTIFICATION - 3

represent a nationwide class of persons who paid an Expedite Fee "or any other fee." During oral argument, plaintiff's counsel stated that plaintiff actually seeks to represent a class of people who paid an Expedite Fee, not individuals who paid various unidentified "other fees." Counsel's clarification was well taken, because the Court would not certify a class that includes "any other fee" in its definition.[2]  This order, therefore, will consider certification with respect to the Expedite Fees.

      Plaintiff's attempt to represent a nationwide class is also problematic.  A separate class action is pending against Homecomings in the Circuit Court for the Third Judicial Court, Madison County, Illinois, Knight v. Homecomings Financial Network, Inc., 03-L-1923 ("Knight").  On August 18, 2006, the Knight court entered an order preliminarily certifying a settlement class comprised of a nationwide class except Washington state. The Knight class action defined the class for settlement purposes as follows: "All persons who, between January 1, 1999 and July 31, 2006, inclusive, paid any portion of an Expedite Fee to [Homecomings] in connection with a loan that Homecomings was Servicing and that was secured by a mortgage or a deed of trust on residential real property located anywhere in the United States, except the state of Washington."  Notice of Settlement of Related Action (Dkt. #72).

---

[2] Plaintiff has not provided the Court with any explanation of what those other fees might be, who paid them, how many people paid them, or the circumstances under which they were charged and paid.  Without any information about the "other fees," the Court cannot evaluate and apply the factors to determine if class certification is appropriate. Furthermore, plaintiff paid only the Expedite Fee, so she has not shown that her claim is typical of a class that would include various unidentified "other fees."  She also focused her memoranda entirely on the issue of the Expedite Fee and the circumstances surrounding defendant's charging and her payment of that fee.  Because she did not pay any other fee and has not pursued issues related to the other fees, she has not shown herself to be an adequate representative for people who paid other fees.

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR CLASS CERTIFICATION - 4

1    Defendant argues that in light of the Knight preliminary settlement, the Court
2 should abstain from considering plaintiff's motion to certify a nationwide class.  The
3 Supreme Court has explained that a district court has discretion to decline to exercise its
4 jurisdiction due to a pending parallel action in state court, but should do so only in
5 "exceptional circumstances" because federal courts have a "virtually unflagging
6 obligation . . . to exercise the jurisdiction given them."  Colorado River Water
7 Conservation Dist. v. United States, 424 U.S. 800, 817 (1976); see also Moses H. Cone
8 Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 19 (1983).  Following Colorado
9 River and Moses Cone, the Court considers the following factors to determine if a stay is
10 appropriate:

> (1) whether either court has assumed jurisdiction over a *res*; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the parties' rights.

14 See Nakash v. Marciano, 882 F.2d 1411, 1415 (9th Cir. 1989) (citing Colorado River,
15 460 U.S. at 818 and Moses Cone, 460 U.S. at 25-26).  In this case, the first factor does
16 not apply because there is no *res* involved.  However, by conditionally certifying a
17 settlement class, the Knight court has assumed jurisdiction over the class and its claims.
18 Knight was filed in December 2003, and this case was filed in July 2005.  More
19 importantly, the Knight case has progressed further.  See, e.g., Moses H. Cone, 460 U.S.
20 at 21 (explaining that the order in which jurisdiction was obtained "should not be
21 measured exclusively by which complaint was filed first, but rather in terms of how much
22 progress has been made in the two actions").[3]  As for the second factor, the forums are

---

[3] It is troubling, however, that defendant did not give plaintiff notice of the Knight litigation, particularly since information regarding similar lawsuits was sought in

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR CLASS CERTIFICATION - 5

1 equally convenient.

2      Judicial economy, as well as the avoidance of piecemeal litigation and inconsistent results, will be furthered by abstention. The plaintiffs in this case and <u>Knight</u> seek to represent essentially the same nationwide class of borrowers who paid Expedite Fees to Homecomings and assert claims for breach of contract, unjust enrichment, and state unfair practices claims. The two putative classes differ in that the <u>Knight</u> settlement excludes Washington state, and it does not provide for injunctive relief. Despite these differences, there is no question that the two putative classes substantially overlap and would require consideration of many of the same issues. In addition to the duplicative nature of the proceedings, allowing both actions to proceed would cause substantial confusion for potential class members. Furthermore, the <u>Knight</u> court is holding a fairness hearing in December 2006, so many of the class members may have released their claims while Davis is purporting to represent them. In contrast, because the <u>Knight</u> settlement excludes Washington, plaintiff may proceed with her case here and seek to represent a statewide class without confusion or duplication.

     Plaintiff also argues that a fair and equitable resolution of this case can be achieved only "through cooperative efforts of the parties in both actions and the judges involved." Plaintiff's Further Briefing at p. 3. Plaintiff has not elaborated on what the cooperative efforts might entail. This Court has no jurisdiction or basis for interfering with the Illinois action. Furthermore, plaintiff states that she intends to object in <u>Knight</u>, so her concerns regarding the settlement, including the claims filing procedure and lack of

---

discovery requests. If defendant had notified plaintiff of the <u>Knight</u> litigation and pending settlement, the parties might have been able to agree on a nationwide settlement that included plaintiff and other Washington residents.

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR CLASS CERTIFICATION - 6

injunctive relief, will be considered. Moreover, the Knight litigation appears adequate to protect the rights of potential class members. The Knight settlement was reached in the context of a mediation involving a former trial and appellate judge. The Knight court was required to carefully scrutinize the settlement prior to preliminarily certifying a settlement class, and it will do so again during the fairness hearing and when it issues a final order and judgment. If members of the class believe that the proposed settlement is unfair, they can file their objections in that case.

After weighing all of the factors, the Court abstains from deciding whether to certify a nationwide class in this case pending a final order on the certification of a nationwide class in Knight. At this point, the Court will consider certifying only a class of people who were charged Expedite Fees when they paid off loans secured by residential real property located in Washington state.

**C.     Jurisdiction Over a Washington-Only Class.**

Now that the Court's inquiry is limited to a Washington state class, it appears that the amount is controversy is less than the $5 million necessary for removal under CAFA. Plaintiff argues that the action would not be subject to removal. Although that argument is correct, the action was properly removed because at the time, the amount in controversy exceeded $5 million based on the proposed nationwide class. Because CAFA was enacted so recently, the parties have not cited any cases under that statute analyzing whether jurisdiction is lost if the amount in controversy is reduced after removal. Courts considering the issue under the diversity statute, however, have concluded that "diversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction . . . if the amount in controversy subsequently drops below the minimum jurisdictional level." Hill v. Blind Indus. & Serv.

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR CLASS CERTIFICATION - 7

of Md., 179 F.3d 754, 757 (9th Cir. 1999).  Furthermore, although CAFA does not address this issue, courts "presume that Congress is aware of the legal context in which it is legislating."  Abrego v. Dow Chem. Co., 443 F.3d 676, 683-84 (9th Cir. 2006) (citing Cannon v. Univ. of Chicago, 441 U.S. 677, 696-97 (1979) and United States v. LeCoe, 936 F.2d 398, 403 (9th Cir. 1991) ("Congress is, of course, presumed to know existing law pertinent to any new legislation it enacts")).  Despite its presumed knowledge of the diversity laws, there is no indication that Congress intended to alter the established authority regarding subsequent changes to the amount in controversy.  Accordingly, the Court continues to have subject matter jurisdiction over this matter even though consideration of a Washington-only class has reduced the amount in controversy.

**D.     Federal Rule of Civil Procedure 23(a) Requirements.**

As an initial matter, plaintiff argues that defendant should be estopped from disputing that plaintiff has met the class certification requirements because it conceded that those elements were met in Knight.  However, the Court will not find that the class certification requirements have been met based on defendant's negotiated settlement of the Knight litigation.

As for the merits, some of defendant's arguments regarding the Rule 23 requirements are now moot because the Court is considering only a Washington state class of people who paid Expedite Fees.  Defendant has agreed that the numerosity factor is satisfied.

**1.     Commonality.**

Courts have described the showing required to meet the commonality requirement as "minimal" and "not high."  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998); Mortimore v. F.D.I.C., 197 F.R.D. 432, 436 (W.D. Wash. 2000).  Defendant

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR CLASS CERTIFICATION - 8

1  argues that the commonality requirement is not satisfied because numerous individual
2  issues exist, including the particular terms of each borrower's contract and the
3  circumstances surrounding his or her request for a Payoff Statement.  Although some
4  individual issues exist, the proposed class is not required to share all questions of law and
5  fact.  See, e.g., Hanlon, 150 F.3d at 1019.  Defendant also argues that individual
6  questions of law or fact underlie the alleged common questions.  However, the
7  commonality requirement is satisfied if plaintiffs share a common question of law or fact,
8  even if individual facts underlie their claims.  See, e.g., Blackie, 524 F.2d at 904
9  (rejecting argument that class certification was inappropriate because members' claims
10 would require different factual proof; explaining, "Defendants misconceive the
11 requirement for a class action; all that is required is a common issue of law *or* fact").
12 Furthermore, common facts underlie the claims, including Homecomings' practices
13 regarding charging Expedite Fees, informing borrowers or their agents of the fees,
14 sending Payoff Statements, and the forms used for those statements.  Class members
15 share common questions regarding whether Homecomings required payment of Expedite
16 Fees prior to releasing the loans, and whether Homecomings' charging and demand for
17 payment of the Expedite Fees constituted unfair or deceptive practices under the CPA.
18 Those common questions are sufficient to meet the commonality requirement.

19    **2.    Typicality.**

20        The typicality element requires that the claims or defenses of the proposed class
21 representatives be typical of the claims or defenses of the class they seek to represent.
22 Typicality has been interpreted to mean that "a class representative must be part of the
23 class and 'possess the same interest and suffer the same injury' as the class members."
24 Falcon, 457 U.S. at 156 (quoting East Texas Motor Freight Sys., Inc. v. Rodriguez, 431

25
26 ORDER GRANTING IN PART AND DENYING
   IN PART MOTION FOR CLASS CERTIFICATION - 9

U.S. 395, 403 (1977)). In this case, defendant does not dispute that plaintiff is part of the class she seeks to represent and suffered the same injury. Defendant argues that plaintiff fails to meet the typicality element because her claims are subject to unique defenses and dominated by individual issues. However, "[w]hen it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually satisfied, irrespective of varying fact patterns which underlie individual claims." Smith v. Univ. of Wash. Law. Sch., 2 F. Supp.2d 1324, 1342 (W.D. Wash. 1998) (internal citations omitted) (explaining, "Typicality turns on the defendant's actions toward the plaintiff class, not particularized defenses against individual class members"). Furthermore, although the presence of *unique* defenses can undermine the typicality element, Homecomings' defenses to plaintiff's claims are not unique. Instead, it will no doubt assert the same defenses, including the voluntary payment doctrine, for most if not all of the class members' claims. Therefore, the assertion of that defense does not render plaintiff's claim atypical.

**3.    Adequacy.**

The adequacy element requires that (1) the named plaintiff must be able to prosecute the action vigorously through qualified counsel, and (2) the representative cannot have antagonistic or conflicting interests with the unnamed members of the class. See, e.g., Smith, 2 F. Supp.2d 1343. Plaintiff has qualified counsel who have represented plaintiffs in numerous class actions, and defendant does not challenge counsel's qualifications. Instead, defendant contends that plaintiff is not an adequate representative because "she explicitly granted her authorized agent the authority to consent to the Expedite Fee, she no longer has a relationship with Homecomings, and she is willing to forego an award of damages in favor of injunctive relief." Defendant's Amended

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR CLASS CERTIFICATION - 10

1  Opposition at p. 24.  Defendant has not explained how these facts, if true, undermine
2  plaintiff's ability to serve as a class representative.  Furthermore, the fact that plaintiff is
3  primarily seeking injunctive, in addition to monetary, relief does not necessarily mean
4  that her interests are antagonistic or adverse to class members who may be more
5  interested in recovering monetary relief.  In addition to seeking the same relief as other
6  class members, Davis has stated that she is willing to serve as a class representative,
7  understands her responsibilities, generally understands her claims, and will represent the
8  interests of the class as a whole.  Declaration of Rosemary Tureaud[4] (Dkt. #36), ("Davis
9  Decl.") at ¶ 6.  Accordingly, the Court finds Davis to be an adequate class representative.

**E.     Federal Rule of Civil Procedure 23(b) Requirements.**

In addition to the Rule 23(a) prerequisites, plaintiff must also establish Fed. R. Civ. P. 23(b) grounds for maintenance of a class action.

**1.     Fed. R. Civ. P. 23(b)(2).**

Plaintiff argues that certification is appropriate under Fed. R. Civ. P. 23(b)(2), which requires the Court to consider whether Homecomings "has acted on grounds generally applicable to the class."  The Court must consider whether "the predominant relief is injunctive and declaratory."  Beck v. The Boeing Co., 203 F.R.D. 459, 465 (W.D. Wash. 2001), vacated in part on other grounds, 60 Fed. Aprx. 38 (9th Cir. 2003); see also Molski v. Gleich, 318 F.3d 937, 947 (9th Cir. 2003) (explaining that "the claim for monetary damages must be secondary to the primary claim for injunctive relief;" focusing on the language of the rule and plaintiff's intent in bringing the suit).  The "predominance" element requires the Court to consider whether "plaintiffs would have

---

[4] Davis has recently changed her last name to Tureaud.  For consistency and to avoid confusion, the Court will refer to her as Davis as the parties do.

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR CLASS CERTIFICATION - 11

1 brought suit to obtain the injunctive relief they seek even if they could not obtain a money
2 recovery." Beck, 203 F.R.D. at 466. Defendant argues that injunctive relief cannot be
3 the primary goal because plaintiff seeks to represent plaintiffs who have already paid an
4 Expedite Fee and therefore have terminated their relationship with Homecomings.
5 Relevant case law, however, does not establish that monetary relief predominates simply
6 because the parties' relationship has ended. See, e.g., Hansen v. Ticket Track, Inc., 213
7 F.R.D. 412, 416 (W.D. Wash. 2003) (certifying a Rule 23(b)(2) class of people who were
8 sent or would be sent during the pendency of the case a letter from defendant demanding
9 payment of an unpaid parking ticket). Rather, it is a factor to consider in evaluating
10 predominance. Furthermore, even if plaintiffs do not have an ongoing relationship with
11 Homecomings, the Court cannot assume that plaintiffs will not benefit from injunctive
12 relief. For example, given the nature of the industry, Homecomings may service one of
13 their loans in the future and may start charging Expedite Fees again. Moreover, it is
14 unlikely that plaintiff, despite her assertion to the contrary, brings this action and incurs
15 the inconvenience of litigation to recover maximum damages of $75. Davis Decl. at ¶ 5
16 (explaining that her primary goal is to obtain injunctive relief). Instead, it is likely that
17 plaintiffs would pursue this action for injunctive relief even without the possibility of
18 obtaining $75 each.

19     Defendant also argues that certification pursuant to Rule 23(b)(2) is not
20 appropriate because of the lack of cohesiveness of the proposed class. See, e.g., Barnes
21 v. Am. Tobacco Co., 161 F.3d 127, 142-43 (3rd Cir. 1998). However, the Ninth Circuit
22 has never held that "cohesiveness" is required for a Rule 23(b)(2) class. The inquiry is
23 not whether common issues predominate but whether defendant has acted on grounds
24 generally applicable to the class. See, e.g., Smith, 2 F. Supp.2d at 1344. In this case,

25
26 ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR CLASS CERTIFICATION - 12

Homecomings contractually agreed not to condition release on the payment of unsecured sums, charged plaintiffs Expedite Fees, and issued Payoff Statements which appeared to condition release on payment of the Expedite Fees.  Homecomings has acted on grounds generally applicable to the class, and final injunctive or declaratory relief is appropriate for the class.[5]

### 2. Fed. R. Civ. P. 23(b)(3).

Davis also contends that class certification is appropriate under Fed. R. Civ. P. 23(b)(3).  The purpose of this rule is to identify those actions in which certification of a class "would achieve economies of time, effort and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."  Fed. R. Civ. P. 23 advisory committee's note (1966).  When considering whether common questions predominate and whether the class action is superior to other methods of adjudication of the controversy, a court should consider:

> (A) the interest of the members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3).  In this case, individual damages are small, and class members

---

[5] Plaintiff has defined the proposed class to include the language that was in her contract or "substantively equivalent" language.  That definition may pose problems later in determining who is in the class, and plaintiff has not proposed a plan for the Court to resolve that issue.  At this stage in the litigation, it is unclear how varied the contract language might be or whether contracts used across the industry are fairly standard.  The Court is confident that it and the parties can resolve that issue through motions practice later in the case as necessary.

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR CLASS CERTIFICATION - 13

1  would be unlikely to litigate claims on their own.  Although the existence of the Knight
2  litigation weighs against certifying a nationwide class, it is less of a factor if plaintiff
3  represents only a Washington class.

4        Although common issues exist regarding whether Homecomings's practices were
5  deceptive, numerous individual issues also exist.  The trier of fact would have to analyze
6  the circumstances surrounding each plaintiff's payment of the fee to determine whether
7  plaintiff or his or her agent authorized the fee, whether the voluntary payment doctrine
8  applied, whether the plaintiff felt compelled to pay the fee, and whether the potential for
9  mitigation undermined claimed damages.  Moreover, to establish a violation of the CPA,
10 each plaintiff must show that he or she relied on Homecomings' allegedly unfair or
11 deceptive acts.  See, e.g., Pickett v. Holland Am. Line-Westours, Inc., 145 Wn.2d 178,
12 196 (2001) (citing with approval Nuttall v. Dowell, 31 Wn. App. 98, 111 (1982), which
13 held that a consumer must "convince the trier of fact that he relied upon" a
14 misrepresentation to establish the casual relationship element of a CPA claim).  Because
15 reliance raises issues such as credibility and state of mind, the CPA claims are likely to
16 require individualized consideration.  For this reason, class certification for claims in
17 which reliance is an issue generally is inappropriate under Rule 23(b)(3).  See, e.g.,
18 Binder v. Gillespie, 184 F.3d 1059, 1064 (9th Cir. 1999) (analyzing fraud claim); Wright
19 v. Fred Hutchinson Cancer Research Ctr., C01-5217RSL (W.D. Wash. Nov. 19, 2001)
20 (declining to certify class where individual reliance was an issue); Schwartz v. Upper
21 Deck Co., 183 F.R.D. 672 (S.D. Cal. 1999) (declining to certify class where claim
22 required proof that people bought defendant's product for a specific purpose); Pickett,
23 145 Wn.2d at 196 (noting, in the context of approving a settlement agreement, that the
24 trial court denied class certification in part because the CPA claim would require proof of
25
ORDER GRANTING IN PART AND DENYING
26 IN PART MOTION FOR CLASS CERTIFICATION - 14

individual causation and reliance). Accordingly, common issues do not predominate. Certification under Fed. R. Civ. P. 23(b)(3) is not warranted.

**F.  Conclusions Regarding Class Certification.**

The Court finds that Davis has met the class certification prerequisites of Fed. R. Civ. P. 23(a) and shown that the proposed class may be maintained pursuant to Fed. R. Civ. P. 23(b)(2). Accordingly, the Court certifies the following class:

> All persons who, within the applicable statute of limitations, paid a fee or cost to expedite statement to, or for the benefit of, Defendant Homecomings Financial Network, Inc. or its predecessors in connection with paying off a loan secured by a deed of trust or mortgage on residential real property located in Washington state, where the mortgage provided that it would be released without charge or the deed of trust contained the following provision, or one substantively equivalent: *Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Agreement to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs.*

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART plaintiff's motion for class certification (Dkt. #33) and certifies a class as set forth in this order.

DATED this 10th day of October, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR CLASS CERTIFICATION - 15