UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSEMARY BRIM DAVIS,

    Plaintiff,

    v.

HOMECOMINGS FINANCIAL,

    Defendant.

Case No.  C05-1466RSL

ORDER DENYING MOTION
FOR RECONSIDERATION

## I. INTRODUCTION

This matter comes before the Court on a motion for reconsideration filed by Plaintiff Rosemary Brim Davis. (Dkt. #86).  On October 10, 2006, the Court issued an order granting in part and denying in part plaintiff's motion for class certification (Dkt. #84, the "Order").  The Order granted plaintiff's request to certify a class under Federal Rule of Civil Procedure 23(b)(2), but denied her request to certify a class under Rule 23(b)(3).  Plaintiff now requests that the Court reconsider the portion of the Order denying her request to certify a class under Rule 23(b)(3).

## II. DISCUSSION

"Motions for reconsideration are disfavored.  The court will ordinarily deny such

ORDER DENYING MOTION
FOR RECONSIDERATION - 1

motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule 7(h).

Plaintiff argues that the Court erroneously determined that in order to prove a violation of Washington's Consumer Protection Act ("CPA"), a plaintiff must prove that he or she relied on the defendant's allegedly unfair or deceptive act to establish causation. The Order stated,

> Moreover, to establish a violation of the CPA, each plaintiff must show that he or she relied on Homecomings' allegedly unfair or deceptive acts. See, e.g., Pickett v. Holland Am. Line-Westours, Inc., 145 Wn.2d 178, 196 (2001) (citing with approval Nuttall v. Dowell, 31 Wn. App. 98, 111 (1982), which held that a consumer must "convince the trier of fact that he relied upon" a misrepresentation to establish the casual relationship element of a CPA claim).

Order at p. 14.

Plaintiff argues that if proof of individual reliance were required, then courts would never certify a CPA claim under Rule 23(b)(3), but in fact courts have done so. However, individual causation is one factor that courts weigh in considering whether, as a whole, class issues predominate. The presence of one individual issue does not necessarily render certification inappropriate under Rule 23(b)(3), especially where, as in some of the cases plaintiff cited, causation is not contested. In contrast, in this case, causation is highly contested. Furthermore, in this case, the finding that the CPA claims are likely to require proof of individual causation was only one of several reasons why the Court concluded that class issues did not predominate and that the class action was not superior to other methods to adjudicate the controversy. Order at p. 14 (explaining that "[t]he trier of fact would have to analyze the circumstances surrounding each plaintiff's payment of the fee to determine whether plaintiff or his or her agent authorized the fee, whether the voluntary payment doctrine applied, whether the plaintiff felt

ORDER DENYING MOTION
FOR RECONSIDERATION - 2

compelled to pay the fee, and whether the potential for mitigation undermined claimed damages"). Given all of the individual issues, their significance, and the level of contention, the Court likely would have found that certification under Rule 23(b)(3) was inappropriate even if the CPA claim did not require individual proof of causation.

Moreover, plaintiff has not shown that the Court erred in finding that proof of individual reliance was required. Plaintiff relies heavily on Pickett v. Holland Am. Line Westours, Inc., 101 Wn. App. 901, 920 (2000), noting that the Court of Appeals explained that "[c]ausation inheres in the fact that plaintiffs purchased cruise tickets." The Washington Supreme Court subsequently overruled Pickett and cited with approval a prior case requiring proof of individual reliance. Pickett, 145 Wn.2d at 196 (noting, in the context of approving a settlement agreement, that the trial court denied class certification in part because the CPA claim would require proof of individual causation and reliance) (citing Nuttall, 31 Wn. App. at 111).[1] In addition, plaintiff argues that Robinson v. Avis Rent A Car Sys., Inc. 106 Wn. App. 104 (2001) supports her position. In fact, the court in Robinson upheld the dismissal of plaintiffs' CPA claims because they failed to show reliance. Robinson, 106 Wn. App. at 119 (explaining that plaintiffs, a putative class, failed to meet the causation element and that "[a] plaintiff establishes the causation element of a CPA claim if he or she shows the trier of fact that he or she relied upon a misrepresentation of fact"). Although the Washington Supreme Court has not directly addressed the issue, two appellate courts have, and there is no contrary authority.

In essence, plaintiff argues that the causation element can be met because Homecomings' practices had the capacity to deceive and she lost money. However,

---

[1] The Court declines plaintiff's invitation to rely on a contrary decision from a Florida Court of Appeals applying a Florida statute and instead relies on Washington law.

ORDER DENYING MOTION
FOR RECONSIDERATION - 3

1  plaintiffs cannot meet the causation element in Washington without showing that they
2  were injured *because of* defendant's unlawful conduct.  Cf. Robinson, 106 Wn. at 113
3  (distinguishing private causes of action, where proof of causation is required, from
4  actions brought by the Attorney General, which do not require proof of a causal link
5  between the deceptive act and resulting injury).  Although, in some cases, it might be
6  possible to prove causation in some other way, where, as in this case, the allegedly unfair
7  or deceptive acts were misrepresentations, reliance on those misrepresentations is
8  required.[2]  See, e.g., Robinson, 106 Wn. App. at 119; Nuttall, 31 Wn. App. at 111.
9  Accordingly, plaintiff has not shown that the Court committed manifest error.

### III.  CONCLUSION

For all of the foregoing reasons, the Court DENIES plaintiff's motion for reconsideration (Dkt. #86).

DATED this 24th day of October, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] In some respects, whether plaintiffs are required to prove causation by reliance or some other way is a distinction without a difference for class certification purposes because either way, the inquiry is individual.

ORDER DENYING MOTION
FOR RECONSIDERATION - 4