UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSEMARY BRIM DAVIS,

    Plaintiff,

    v.

HOMECOMINGS FINANCIAL,

    Defendant.

Case No. C05-1466RSL

ORDER DENYING MOTION TO REMAND TO STATE COURT

## I. INTRODUCTION

This matter comes before the Court on plaintiff's motion to remand this case to King County Superior Court. (Dkt. #103). Plaintiff argues that this Court no longer has jurisdiction over this action because it certified a Washington-only class, so the amount in controversy is undisputedly less than the $5 million necessary for removal under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2.

For the reasons set forth below, the Court denies the motion.

## II. DISCUSSION

The Court has already considered and ruled on whether it has jurisdiction over this case in its order granting plaintiff's motion for class certification. (Dkt. #84). In that order, the Court explained:

ORDER DENYING MOTION TO REMAND - 1

> Now that the Court's inquiry is limited to a Washington state class, it appears that the amount is controversy is less than the $5 million necessary for removal under CAFA. Plaintiff argues that the action would not be subject to removal. Although that argument is correct, the action was properly removed because at the time, the amount in controversy exceeded $5 million based on the proposed nationwide class. Because CAFA was enacted so recently, the parties have not cited any cases under that statute analyzing whether jurisdiction is lost if the amount in controversy is reduced after removal. Courts considering the issue under the diversity statute, however, have concluded that "diversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction . . . if the amount in controversy subsequently drops below the minimum jurisdictional level." Hill v. Blind Indus. & Serv. of Md., 179 F.3d 754, 757 (9th Cir. 1999). Furthermore, although CAFA does not address this issue, courts "presume that Congress is aware of the legal context in which it is legislating." Abrego v. Dow Chem. Co., 443 F.3d 676, 683-84 (9th Cir. 2006) (citing Cannon v. Univ. of Chicago, 441 U.S. 677, 696-97 (1979) and United States v. LeCoe, 936 F.2d 398, 403 (9th Cir. 1991) ("Congress is, of course, presumed to know existing law pertinent to any new legislation it enacts")). Despite its presumed knowledge of the diversity laws, there is no indication that Congress intended to alter the established authority regarding subsequent changes to the amount in controversy. Accordingly, the Court continues to have subject matter jurisdiction over this matter even though consideration of a Washington-only class has reduced the amount in controversy.

Id. at pp. 7-8. After the Court issued its order, plaintiff explicitly stated that she was not seeking reconsideration of the Court's holding on its jurisdiction. See Dkt. #86 (Plaintiff's Motion for Reconsideration stating that she "does *not* request reconsideration of any other aspect of the Court's order" other than the denial of class certification under Fed. R. Civ. P. 23(b)(3)) (emphasis in original). If plaintiff is seeking reconsideration now, her motion is untimely. The Court's prior order is the law of the case. Because the Court has already held that it continues to have jurisdiction, plaintiff's motion must be denied.

Several additional aspects of plaintiff's motion require brief discussion. Plaintiff argues that any doubts regarding removability must be resolved in favor of remand. However, this case was properly removed. The only issue is whether subsequent events divested the Court of jurisdiction, which has been resolved. Plaintiff also notes that the prior order and defendant's opposition to this motion rely in part on the legislative history

ORDER DENYING MOTION TO REMAND - 2

1  of CAFA.  The Senate Report states,

2  Current law (that S. 5 does not alter), is also clear that, once a complaint is
properly removed to federal court, the federal court's jurisdiction cannot be
3  "ousted" by later events.  Thus, for example, changes in the amount in controversy
after the complaint has been removed would not subject a lawsuit to be remanded
4  to state court. . . .  Sound policy reasons support this rule.  If a federal court's
jurisdiction could be ousted by events occurring after a case was removed,
5  plaintiffs who believed the tide was turning against them could simply always
amend their complaint months (or even years) into the litigation to require remand
6  to state court. . . .  Similarly, a defendant prevailing on the merits always shows
that the amount in controversy, at the end of the day, is zero.  Thus, if subsequent
7  events could unravel a federal court's jurisdiction, a defendant could prevail on the
merits, only to have the federal court conclude that it lacks jurisdiction to enter
8  judgment.

9  S. Rep. 109-14, 109th Cong., 1st Sess. 2005, S. Rep. 109-14, 2005 U.S.C.C.A.N. 3, *70-

10  71, **66-67.  Plaintiff argues that the legislative history does not apply because she is not

11  trying to manipulate the forum.  However, she filed her motion as a direct result of

12  defendant's motion for summary judgment and to decertify the class.  Plaintiff states that

13  she is seeking remand because she believes that she can obtain a better result in state

14  court than in federal court,[1] which is the type of forum shopping that the legislative

15  history and removal/remand rules seek to avoid.

16        Plaintiff also argues that remand is preferable under these circumstances, citing in

17  support Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988).  That case, unlike this

18  one, addressed whether a federal court should exercise pendent jurisdiction after all

19  federal claims have been eliminated.  The basis for removal in this case was not federal

20  question jurisdiction, and this Court is not exercising pendent or supplemental

21  jurisdiction.  Plaintiff also cites Ryan v. Cerullo, 343 F. Supp. 2d 157 (D. Conn. 2004),

22  but that case addressed clarifications to the amount in controversy as it existed *at the time*

23  ────────────────

24  [1] The Court will address plaintiff's argument about whether this Court should
apply federal or state law to her declaratory judgment claim in its order regarding
25  defendant's pending dispositive motion.

26  ORDER DENYING MOTION TO REMAND - 3

*of removal.* Plaintiff cites no relevant authority to support her argument that remand is warranted.

### III.  CONCLUSION

For all of the foregoing reasons, the Court DENIES plaintiff's motion to remand this case (Dkt. #103).

DATED this 22nd day of March, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO REMAND - 4