UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSEMARY BRIM DAVIS,

Plaintiff,

v.

HOMECOMINGS FINANCIAL,

Defendant.

Case No. C05-1466RSL

ORDER DENYING MOTION TO
AMEND CLASS DEFINITION

## I. INTRODUCTION

This matter comes before the Court on plaintiff's motion to amend the definition of the class (Dkt. #102). For the reasons set forth below, the Court denies the motion.

## II. DISCUSSION

The Court previously certified the following class:

All persons who, within the applicable statute of limitations, paid a fee or cost to expedite statement to, or for the benefit of, Defendant Homecomings Financial Network, Inc. or its predecessors in connection with paying off a loan secured by a deed of trust or mortgage on residential real property located in Washington state, where the mortgage provided that it would be released without charge or the deed of trust contained the following provision, or one substantively equivalent: *Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Agreement to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or*

ORDER DENYING MOTION
TO AMEND CLASS DEFINITION - 1

> *persons legally entitled to it. Such person or persons shall pay any recordation costs.*

Plaintiff now seeks the amend the definition of the class to:

> All persons who, within the applicable statute of limitations, paid a fee or cost to expedite statement to, or for the benefit of, Defendant Homecomings Financial Network, Inc. ("Homecomings") or its predecessors in connection with paying off a loan secured by a deed of trust on real property in the state of Washington.

The Court has "broad discretion . . . to revisit [class] certification." Armstrong v. Davis, 275 F.3d 849, 871 n.28 (9th Cir. 2001); Fed. R. Civ. P. 23(c)(1)(C).

Plaintiff argues that her breach of contract claim was based, in part, on the fact that her deed of trust required Homecomings to reconvey her property "without charge," but it conditioned reconveyance on the payment of the Expedite Fee. Plaintiff argues that "the import" of the Court's prior ruling "is that the breach of contract claim is based not on the 'without charge' language in the deed of trust but is instead based on the manner by which Defendant demanded payment of the fee in question." Plaintiff's Motion at pp. 2-3 (citing Dkt. #83, Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment). Plaintiff therefore argues that there is no reason to limit the class to persons whose deeds of trust contained the "without charge" language.

Plaintiff's reading of this Court's prior order is incorrect. The prior order noted that the breach of contract claim was premised on the "without charge" language and denied summary judgment on that claim because "an issue of fact exists regarding whether Homecomings conditioned the release of Davis' property on payment of the fax fee." Dkt. #83 at p. 6. The order noted that although Homecoming did not *explicitly* state that a borrower must pay the fee before it would release the property, based on all of the circumstances, "a reasonable jury could find that the 2004 Payoff Statement was structured and phrased to require payment of the full total amount before Homecomings

ORDER DENYING MOTION
TO AMEND CLASS DEFINITION - 2

would release the loan." <u>Id.</u> at pp. 6-7.  Accordingly, the prior order never stated or implied that the "without charge" language was unnecessary.  If the class definition was revised to eliminate the need for that or similar language, plaintiff's proposed amended class would include individuals who would not state a breach of contract claim.  Furthermore, plaintiff's proposed amended class would include individuals whose claims are very different from plaintiff's claims, undermining the commonality and typicality elements.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES plaintiff's motion to amend the definition of the class (Dkt. #102).

DATED this 22nd day of March, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
TO AMEND CLASS DEFINITION - 3