UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSEMARY BRIM DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOMECOMINGS FINANCIAL,<br><br>　　　　Defendant. | Case No. C05-1466RSL<br><br>ORDER DENYING MOTION TO EXTEND DISCOVERY CUTOFF AND TO COMPEL |

　　　　This matter comes before the Court on plaintiffs' motion (Dkt. #104) for an order (1) extending the discovery cutoff date of March 5, 2007 to permit plaintiffs to obtain pending and outstanding discovery; (2) requiring Homecomings to provide complete responses to plaintiffs' second interrogatories; and (3) requiring Homecomings to appoint a designated representative to submit to a Federal Rule of Civil Procedure 30(b)(6) deposition. The parties have met and conferred regarding these issues but have been unable to resolve them.

　　　　Regarding the third issue, plaintiffs timely served their Rule 30(b)(6) deposition notice. However, the discovery they seek is not appropriate for a Rule 30(b)(6) deposition. Specifically, plaintiffs seek the identity of each class member, including their

ORDER DENYING MOTION TO EXTEND
DISCOVERY CUTOFF AND TO COMPEL - 1

contact information, as well as the identity and contact information of other individuals who have current loan servicing relationships with Homecomings. Plaintiffs requested the same information in interrogatories, and the information is better sought through that method. Therefore, plaintiffs' motion to compel Homecomings to provide a Rule 30(b)(6) witness is denied and the notice is quashed.

Regarding the first and second issues, plaintiffs timely served an interrogatory requesting, in essence, that Homecomings identify all class members and provide contact information for them. Homecomings timely responded to the request and stated that plaintiffs could review borrowers' files where they are currently located, in Eagan, Minnesota. The parties agree that plaintiffs are entitled to the requested information. The only dispute is which party is required to incur the cost and burden of ascertaining it. The files number over 10,000. Contrary to defendant's assertion, the Court does not find that plaintiffs waived their opportunity to review the files by choosing not to travel to Minnesota while this dispute was ongoing. Because plaintiffs are entitled to the information, the Court will allow them additional time beyond the discovery deadline to obtain the files.

Two issues remain: (1) which party should bear the burden and expense of traveling to Minnesota and reviewing, and potentially copying, the borrowers' files, and (2) whether plaintiffs are entitled to written information about borrowers who were charged an expedite fee and have a current loan servicing relationship with Homecomings. Regarding the second issue, the Court is inclined to deny the request because the information does not appear to be relevant and because the request was submitted for the first time in discovery requests served on February 12, 2007. The request was untimely because plaintiffs did not give Homecomings sufficient time to

ORDER DENYING MOTION TO EXTEND
DISCOVERY CUTOFF AND TO COMPEL - 2

respond prior to the discovery deadline. Nevertheless, the Court declines to rule on the two outstanding issues because the parties have dispositive motions pending that may alter the scope of this case and the need for the requested discovery. A hearing on those motions is scheduled for May 31, 2007. The Court will retain the filings related to this motion. After the Court rules on the dispositive motions, plaintiffs may, if appropriate, file a notice to renote this motion on the Court's calendar.

Finally, Homecomings filed a sur-reply requesting that the Court strike footnote 1 in plaintiffs' reply memorandum. The footnote relates to the timing and manner of defendant's production of an audio file and notes that if the parties cannot resolve the issue, plaintiffs will file a motion regarding it. Although plaintiffs' notation of their intent was unnecessary and irrelevant, the Court declines to strike the footnote. The footnote has not influenced the Court's decision on this motion or prejudiced defendant.

For all of the foregoing reasons, the Court DENIES plaintiffs' motion (Dkt. #104).

DATED this 23rd day of April, 2007.

*(signature)*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO EXTEND
DISCOVERY CUTOFF AND TO COMPEL - 3