UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSEMARY BRIM DAVIS,

    Plaintiff,

    v.

HOMECOMINGS FINANCIAL,

    Defendant.

Case No. C05-1466RSL

ORDER DENYING MOTION
FOR SANCTIONS

This matter comes before the Court on plaintiff's motion for sanctions (Dkt. #122) against Homecomings and its counsel. Plaintiff alleges that Homecomings filed a document that contained a material misrepresentation of fact.[1]

On March 1, 2007, plaintiff filed a motion to extend the discovery deadline and to compel discovery ("plaintiff's discovery motion"). On March 5, 2007, the discovery deadline, Homecomings produced two computer files, stating that "at least one" is the audio recording people heard when they called Homecomings' Interactive Voice Response ("IVR") system. Plaintiff's discovery motion did not address the recordings.

---

[1] Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, defendant's request for oral argument is denied.

ORDER DENYING MOTION
FOR SANCTIONS - 1

Nevertheless, in her reply memorandum, plaintiff included a footnote referencing the production of the recordings and stating, "If the parties cannot agree on an extension of the discovery deadline for limited discovery regarding this late-produced item, Plaintiff will file a motion for leave to conduct discovery concerning it." Plaintiff's Reply, (Dkt. #117) at p. 4 n.1. Defendant then filed a sur-reply requesting that the footnote be stricken. In that sur-reply, Homecomings made the following assertion:

> The record shows that Plaintiff did not request production of any IVR audio file in any prior discovery request served in this case from the inception of discovery in October, 2005 through March 5, 2007.

Plaintiff alleges that this statement was false and sanctionable. She also notes that her counsel wrote Homecomings a letter, before it filed the sur-reply, that specifically noted which discovery requests allegedly sought the recordings. Plaintiff alleges that the fact that Homecomings nevertheless filed the sur-reply with the false statement supports her request for sanctions.

      Plaintiff has requested sanctions pursuant to Federal Rule of Civil Procedure 11. However, plaintiff did not provide defendants with a copy of the motion prior to filing it or give defendant an opportunity to withdraw the filing as required by Rule 11. The Court therefore denies the motion.

      In addition, the Court finds that sanctions are not warranted pursuant to the Court's inherent authority or General Rules 2 and 3. Plaintiff notes that defendant's local counsel failed to sign the sur-reply, but local counsel did so as soon as plaintiff pointed out their error. Furthermore, plaintiff cites Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299 (1993), but in that case, unlike this one, defendant refused to produce relevant documents. Also, there is no evidence that Homecomings wrongfully withheld or delayed production, and even if there was, plaintiff's motion is

ORDER DENYING MOTION
FOR SANCTIONS - 2

not directed at that conduct.  Finally, plaintiff argues that sanctions are warranted because defendant's statement "lacks evidentiary support."  Although it appears, based on the current record, that plaintiff's discovery requests were broad enough to include a copy of the recordings, the issue is not clear cut.  Her discovery requests did not explicitly seek the recordings, even though plaintiff knew, based on Homecomings' prior assertions, that they are a key piece of evidence in this case.  Instead, they required Homecomings to produce "all documents identified in, identifiable by, or referred to by you in preparing your answers to Plaintiff's First Interrogatories to Defendant."  Homecomings answered an interrogatory by stating that the amount of the Expedite Fee was disclosed to plaintiff.  Although the response does not so state, presumably the disclosure was made via the IVR and was similar to the recording that Homecomings has produced.[2]  These facts show that the issue of whether the requests sought the recordings was at least fairly debatable, and this routine discovery dispute should have been addressed via a meet and confer conference rather than the unnecessary footnote, sur-reply, and this motion for sanctions.

For all of the foregoing reasons, plaintiff's motion for sanctions (Dkt. #122) is DENIED.

DATED this 31st day of May, 2007.

Robert S. Lasnik
United States District Judge

---

[2] There is no evidence that Homecomings has a recording of the actual telephone call made by plaintiff's representative.

ORDER DENYING MOTION
FOR SANCTIONS - 3