UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSEMARY BRIM DAVIS,

Plaintiff,

v.

HOMECOMINGS FINANCIAL,

Defendant.

Case No. C05-1466RSL

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT AGAINST THE CLASS AND FOR DECERTIFICATION

This matter comes before the Court on a motion for summary judgment filed by defendant Homecomings Financial Network, Inc. ("Homecomings"). (Dkt. #89). Homecomings argues that summary judgment is appropriate because plaintiff lacks standing to pursue her equitable claims on behalf of herself and the class. In the alternative, Homecomings requests that the Court decertify the class and grant summary judgment against plaintiff's individual claims for prospective equitable relief. At the request of the parties, the Court heard oral argument in this matter on May 31, 2007.

For the reasons set forth below, the Court grants the motion in part and denies it in part.

## I. FACTS

The facts in this case were set forth in the Court's October 10, 2006 Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment (Dkt. #83). Therefore, the background facts will not be repeated here.

On October 10, 2006, the Court certified the following class under Federal Rule of Civil Procedure 23(b)(2):

> All persons who, within the applicable statute of limitations, paid a fee or cost to expedite statement to, or for the benefit of, Defendant Homecomings Financial Network, Inc. or its predecessors in connection with paying off a loan secured by a deed of trust or mortgage on residential real property located in Washington state, where the mortgage provided that it would be released without charge or the deed of trust contained the following provision, or one substantively equivalent: *Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Agreement to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs.*

In January 2004, Homecomings ceased charging the Expedite Fee. However, it appears that a borrower who has not yet paid off his or her loan and incurred the fee prior to the policy change could still be required to pay the fee. Plaintiff has paid off her loan and paid the fee. She does not have any on-going relationship with Homecomings.

## II. DISCUSSION

### A. Summary Judgment Standard.

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004). All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving

party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

There are no genuine issues of material fact relevant to this motion. Instead, the motion turns on purely legal issues.

**B. Plaintiff's Standing.**

As an initial matter, plaintiff alleges that defendant's argument that she lacks standing is actually an untimely motion to reconsider the class certification order. That order, however, did not address the standing issue, though defendant should have raised the issue earlier. Regardless, standing is a jurisdictional issue that may be raised at any time. United States v. Viltrakis, 108 F.3d 1159, 1160 (9th Cir. 1997). A class certification order may be altered, amended, or revoked at any time before final judgment. Fed. R. Civ. P. 23(c)(1)(C).

Plaintiff argues that she has standing because she has standing under Washington law, and this Court, exercising supplemental jurisdiction, must apply Washington law. As the Court previously held, it is not exercising supplemental or pendent jurisdiction. Rather, it has diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2.

A plaintiff must demonstrate "a real and immediate threat that he would again" suffer the injury to have standing for prospective equitable relief. City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983). Plaintiff has not shown, or even argued, a real and immediate threat that Homecomings will condition release of her property on payment of the Expedite Fee in the future. Instead, plaintiff alleges that she has standing because she has suffered an injury. However, a plaintiff may have standing to sue for damages but not for injunctive relief. See, e.g., id. The Supreme Court has opined that "past wrongs

do not in themselves amount to [a] real and immediate threat of injury." Id. at 103. Furthermore, standing to seek damages does not serve as a basis for standing to seek equitable relief. Hodgers-Durgin v. De La Vina, 199 F.3d 1037, 1040 n.1 (9th Cir. 1999) (en banc). In addition, under these circumstances, a plaintiff who has no on-going relationship with the defendant lacks standing to obtain an injunction against its future conduct. See, e.g., Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004).

Plaintiff notes that Rule 23(b)(2) classes were certified in this district in Hansen v. Ticket Track, Inc., 213 F.R.D. 412 (W.D. Wash. 2003) and Kavu, Inc. v. Omnipak Corp., 2007 WL 201093 (W.D. Wash. Jan. 23, 2007), even though plaintiffs in both cases lacked on-going relationships with defendants. The Court does not focus exclusively on whether the parties had an on-going relationship, though that fact is relevant to determining whether plaintiff has shown a likelihood of future injury. Neither Ticket Track nor Kavu raised a standing issue. More importantly, defendants' allegedly wrongful conduct in Ticket Track and Kavu was not based on any contractual relationship. Therefore, defendants presumably could have repeated their violations at any time. In contrast, in this case, the possibility that plaintiff could suffer the same harm again is highly speculative and depends on the future renewal of a contractual relationship. In order for plaintiff to suffer an injury again, Homecomings would have to reinstitute the Expedite Fee, plaintiff would have to obtain another residential mortgage loan serviced by Homecomings and request a faxed statement, Homecomings would have to assess the fee against her again, the deed of trust would have to contain "without charge" or substantially similar language, and Homecomings would have to condition release of the property on payment of the fee. Standing cannot be established based on

"an extended chain of highly speculative contingencies" as is the case here. Nelsen v. King County, 895 F.2d 1248, 1252 (1990). Plaintiff therefore lacks standing to pursue injunctive relief.

Plaintiff also argues that she has standing to pursue declaratory relief pursuant to the Declaratory Judgment Act. However, declaratory relief can serve as the basis for certification under Rule 23(b)(2) only if it corresponds to injunctive relief with respect to the class as a whole. The Advisory Committee note to the 1966 amendment to Rule 23(b)(2) states, "Declaratory relief 'corresponds' to injunctive relief when as a practical matters it affords injunctive relief or serves as a basis for later injunctive relief." As one court has explained, "Stated differently, the declaratory judgment should be the equivalent of an injunction." McGlothlin v. Connors, 142 F.R.D. 626, 640 (W.D. Va. 1992) (citing 7A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1775 (2d ed. 1985 & Supp. 1997).[1] The requirement is the same regardless of whether the defendant is a private or public entity. See, e.g., Bird v. Lewis & Clark Coll., 303 F.3d 1015, 1019 (9th Cir. 2002) (explaining, in a suit against a private college, that "[i]n the context of declaratory and injunctive relief," the plaintiff must demonstrate that he or she is threatened "with a sufficient likelihood that he will be again wronged in a similar way") (internal citation and quotation omitted). Because plaintiff's threat of future injury is at best speculative, her claim for declaratory relief regarding Homecomings' on-going or future practices must be dismissed because it is unripe. Hodgers-Durgin, 199 F.3d at 1044 ("The named plaintiffs' failure to establish a likelihood of future injury similarly

---

[1] See also Gest v. Bradbury, 443 F.3d 1177, 1181 (9th Cir. 2006 ("[W]here, as here, [the plaintiffs] seek declaratory and injunctive relief, they must demonstrate that they are realistically threatened by a *repetition* of the violation") (internal citation and quotation omitted; emphasis in original).

renders their claim for declaratory relief unripe”).

Plaintiff argues that she has a viable claim for declaratory relief under Washington law, and pursuant to Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), this Court must apply state substantive law. Hangarter, however, was also a diversity case based on state substantive law. The Ninth Circuit nevertheless held that “a plaintiff whose cause of action . . . is perfectly viable in state court may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury to establish Article III standing.” 373 F.3d at 1022. Although plaintiff disagrees with Hangarter, this Court is bound to follow it. Plaintiff also argues that her substantive and procedural due process rights would be violated by a finding that she cannot pursue a claim for declaratory relief in federal court that would be available to her in state court. Plaintiff offers no authority in support of her argument, and it appears precluded by Hangarter. Furthermore, Article III standing is also a constitutional requirement, and the Court declines plaintiff’s invitation to elevate one constitutional right above another. Nor will the Court disregard the Article III standing requirement for the purpose of comity as plaintiff requests. Disregarding federal requirements in federal court in the name of comity is unwarranted by existing law and would wreak havoc on the judicial system and on the parties’ legitimate expectations.

Finally, plaintiff alleges that defendant is estopped from challenging her standing in federal court because it removed this case. Defendant, however, had a statutory right to remove this case. Doing so did not waive its right to contest certain federal requirements like Article III standing.

Therefore, plaintiff is not entitled to either an injunction or corresponding declaratory relief. Summary judgment is warranted on those individual claims.

**C. Class Certification.**

Having determined that plaintiff lacks standing to pursue a claim for injunctive or corresponding declaratory relief, the Court considers how to proceed.[2] Plaintiff alleges that even if she lacks standing to pursue those claims individually, she has standing to pursue injunctive relief for the class. The Ninth Circuit has rejected that argument. See, e.g., Hodgers-Durgin, 199 F.3d at 1045 ("Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief"); see also Williams v. Boeing, 2005 U.S. Dist. LEXIS 27491 at *13 (W.D. Wash. 2005) (explaining that "it is not enough that a named plaintiff can establish a case or controversy between himself and the defendant by virtue of having standing as to just one of many claims he wishes to assert. . . . Instead, each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim") (internal citation and quotation omitted).

Furthermore, even if plaintiff has standing to seek a declaration that Homecomings' *past* conduct was unlawful, that claim would not entitle her to represent a class. That claim does not "correspond" to an injunction and is not the type of relief contemplated by Rule 23(b)(2). Also, a declaration regarding past conduct would simply duplicate her claim for damages. Accordingly, under the circumstances, plaintiff's claim for declaratory relief does not predominate and certification under Federal Rule of Civil Procedure 23(b)(2) is not warranted. See Molski v. Gleich, 318 F.3d 937, 947 (9th Cir. 2003) (explaining that "the claim for monetary damages must be secondary to the primary

---

[2] In her opposition, plaintiff requests that the Court remand the case. The Court has denied that request in a separate order regarding plaintiff's motion to remand.

claim for injunctive relief").

Rather than decertifying the class, plaintiff requests that the Court redefine the class to include persons with whom Homecomings has a current loan servicing relationship. Plaintiff requests additional time to locate a class representative who has a current loan servicing relationship with Homecomings. The gravamen of the complaint and claims, however, is that Homecomings breached the contract and violated the Consumer Protection Act by requiring payment of the Expedite Fee as a condition of releasing the loans. A current borrower, therefore, has not suffered any injury, and like Davis, any potential future injury to such a person is too speculative to satisfy the injury-in-fact requirement of Article III. Also, substitution is not warranted because this is not a case where the named plaintiff had a valid claim that later became moot.[3] Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1023 n.6 (9th Cir. 2003). The Lierboe court considered "judicial economy considerations" and concluded that

> because this is not a mootness case, in which substitution or intervention might have been possible, we remand this case to the district court with instructions to dismiss. We are persuaded by the Seventh Circuit's approach in an analogous case, Foster v. Center Township of LaPorte County, 798 F.2d 237, 244-45 (7th Cir. 1986), which held that where the sole named plaintiff "never had standing" to challenge a township's poor-relief eligibility guidelines, and where "she never was a member of the class she was named to represent," the case must be remanded with instructions to dismiss.

Id. at 1022-23 n.6. Similarly, in this case, substitution or intervention is not warranted.

The Court, however, denies defendant's request to dismiss the class claims with prejudice. If defendant had raised the standing argument sooner, the Court would not

[3] Furthermore, substitution at this point would result in significant delay and substantial additional cost. The parties would need to retake discovery and file new motions regarding summary judgment and class certification. Also, the deadline to file amended pleadings has passed.

have certified a class, and the unnamed class members' claims would not have been implicated. The Court therefore orders decertification of the class rather than summary judgment on their claims.

## III. CONCLUSION

For all of the foregoing reasons, the Court DENIES defendant's motion for summary judgment against the class, GRANTS defendant's request to decertify the class, and GRANTS defendant's motion for summary judgment regarding plaintiff's individual claims for an injunction and for declaratory relief regarding future conduct. (Dkt. #89). Plaintiff's individual claims for an injunction and for declaratory relief based on Homecomings' present or future conduct are dismissed with prejudice. Plaintiff may pursue her individual claims for damages and for a declaratory judgment that Homecomings' past conduct breached her contract and violated Washington's Consumer Protection Act. The class, previously certified under Federal Rule of Civil Procedure 23(b)(2), is decertified. Because notice of the certification has not been sent to class members, no additional notice must be sent of the decertification unless the parties argue otherwise within ten days of the date of this order.

DATED this 1st day of June, 2007.

Robert S. Lasnik
United States District Judge