UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSEMARY BRIM DAVIS,

　　　　Plaintiff,

　　v.

HOMECOMINGS FINANCIAL,

　　　　Defendant.

Case No. C05-1466RSL

ORDER DENYING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment filed by plaintiff Rosemary Brim Davis. (Dkt. #112). Plaintiff alleges that Homecomings charged her a $25 "Expedite Fee" not authorized by her loan documents when she paid off her loan in 2004. At the request of the parties, the Court heard oral argument in this matter on May 31, 2007.

## II. DISCUSSION

**A.　Summary Judgment Standard.**

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 1

issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004). All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

**B.    Plaintiff's Individual Claims.**

The Court has found that plaintiff lacks standing to pursue her claims for injunctive and corresponding declaratory relief. Accordingly, the Court granted defendant's motion for summary judgment and dismissed plaintiff's individual claims for injunctive and corresponding declaratory relief. Based on those findings, the Court decertified the class previously certified under Federal Rule of Civil Procedure 23(b)(2). This order considers only the remaining claims, which are plaintiff's individual claims for breach of contract and violations of the Consumer Protection Act ("CPA").

As an initial matter, plaintiff alleges that in denying in part defendant's motion for summary judgment and refusing to dismiss plaintiff's complaint, the Court ruled that defendant breached the contract and violated the CPA. Plaintiff's Motion at p. 1 (citing Dkt. #83, Order Granting in Part and Denying in Part Motion for Summary Judgment). Plaintiff's motion mis-states the record. The Court's prior order held that genuine issues of material fact remained.

In fact, those same issues preclude the Court from granting plaintiff's motion. First, plaintiff argues that Homecomings breached the contract by requiring her to pay the Expedite Fee as a condition of releasing her loan. However, if the fee was disclosed to plaintiff or her agent, then plaintiff has not suffered any damages to support her claim,

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 2

and her claim could be precluded by the voluntary payment doctrine. Furthermore, as the Court explained in its prior order, an issue of fact exists regarding whether Homecomings conditioned the release of Davis' property on payment of the fax fee. Certain facts support each party's position. For example, Homecomings never explicitly stated that plaintiff was required to pay the Expedite Fee to obtain a reconveyance. Instead, the payoff statement listed the "Amount to satisfy note obligation" as a separate line item than the Expedite Fee. However, the 2004 Payoff Statement was sent in response to an inquiry requesting the amount to pay off the loan. Because Homecomings did not explicitly require payment of the fee to reconvey the deed, the jury must decide whether the payoff statement was structured and phrased to require payment of the full total amount before Homecomings would release the loan.

Second, regarding plaintiff's CPA claim, if plaintiff or her agent agreed to pay a fully disclosed fee, she suffered no injury. That issue distinguishes this case from Dwyer v. J.I. Kislak Mortgage Corp., 103 Wn. App. 542 (2000). In addition, in Dwyer, unlike in this case, the top of the payoff statement read, "This statement reflects the amount needed to repay this mortgage in full." 103 Wn. App. at 543 ("Taken at face value, a reasonable consumer could believe that declaration to mean that unless all sums included on the statement are paid, Kislak will not release the mortgage"). In this case, a jury must decide whether Homecomings' actions had the capacity to deceive a reasonable consumer. Furthermore, plaintiff must convince the trier of fact that her injury was proximately caused by any allegedly unfair or deceptive act.

Finally, defendant has submitted new evidence, the Supplemental Third Declaration of Michael Urban, in which he states that the IVR "disclosed to Washington borrowers and/or their agents the existence and exact dollar amount of the Expedite Fee

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 3

1  (if any) that was charged in Washington." As the Court explained during oral argument,
2  plaintiff is entitled to discovery regarding that issue and issues related to the disclosure of
3  the IVR tapes, including the cause of the belated disclosure, who found the tapes, and
4  what related evidence may exist. The Court expects the parties to work cooperatively
5  regarding the disclosure of that evidence. After that discovery has occurred, defendant
6  may, if appropriate, file a motion for summary judgment based solely on the alleged
7  disclosure of the fee and how that impacts plaintiff's remaining claims.

### III. CONCLUSION

Accordingly, the Court DENIES plaintiff's motion for summary judgment (Dkt. #112).

DATED this 1st day of June, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 4